**Elton Javier RUGAMA, AKA Elton Rugama, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 16-70458

United States Court of Appeals, Ninth Circuit.

Submitted October 23, 2017 *

Filed November 3, 2017

Brian David Lerner, Law Offices of Brian D. Lerner, Long Beach, CA, for Petitioner

OIL, Kathleen Kelly Volkert, Trial Attorney, Anthony Cardozo Payne, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**MEMORANDUM ***

Elton Javier Rugama, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

To the extent Rugama submitted noncumulative evidence of rehabilitation in support of his motion to reopen, the BIA did not abuse its discretion in denying the motion where he did not establish that the evidence would likely have changed the outcome of his case. *See* 8 C.F.R. § 1003.2(a), (c); *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (a motion to open must show that "if proceedings were reopened, the new evidence would likely change the result in the case" (citation omitted)); *Fernandez v. Gonzales*, 439 F.3d 592, 601-03 (9th Cir. 2006). We reject Rugama's contention that the BIA mischaracterized its previous October 1, 2015, decision.

Rugama's contention that the BIA failed to consider relevant evidence is not supported by the record. *See Fernandez*, 439 F.3d at 603 (petitioner did not overcome the presumption that the BIA did review the record); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.